# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES L. WADE, | ) | CASE NO. 4:10cv2050 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Charles L. Wade, incarcerated in the Federal Correctional Institution, Elkton, Ohio, filed this action under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, and the Civil Rights Act of 1870, 42 U.S.C. § 1985. Defendants are the United States of America, United States District Court Judge Kathleen O'Malley, Assistant United States Attorneys Linda Betzer, Christian Sticken, Subohd Chandra, Gregory Sassee, Internal Revenue Agents ("IRS") Evers and Polwan, Federal Bureau of Investigation ("FBI") Agent Todd Werth and the United States Attorney's Office of Cleveland, Ohio.

**I. LEGAL STANDARD**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re*

*Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

**II. LAW AND ANALYSIS**

Review of the Complaint shows that Plaintiff has not presented any facts in support of any type of case. He merely states that this case is intertwined with some other case and that a supplement will be added. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3. This requirement applies to all plaintiffs, including those proceeding *pro se*. *See Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 Fed. App'x 509, 511 (6th Cir. 2008).

### III. CONCLUSION

This action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 1, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**